■ In the Matter of IRMA HORTON, Petitioner, v CARMEN SHANG, as Acting Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78, *inter alia,* to compel respondent D'Elia to pay to petitioner certain public assistance benefits for certain months. Petition granted to the extent that respondent D'Elia is directed to pay petitioner retroactive public assistance benefits for the period between May 6, 1977 and August 10, 1977, less any amount paid to her during that period, and respondent Shang is directed to secure respondent D'Elia's compliance with its fair hearing decision dated August 3, 1977, including payment of the retroactive benefits specified above, and proceeding otherwise dismissed on the merits, without costs or disbursements. Petitioner applied for aid to dependent children benefits on April 6, 1977. On June 30, 1977 the Nassau County Department of Social Services (the local agency) denied the application because of the alleged presence of petitioner's husband in her household, and because of her purportedly inadequate explanation of the source of funds which had been used to purchase her home. Petitioner requested and received a fair hearing challenging the denial. In the opinion accompanying the decision after the fair hearing, respondent Shang found that the local agency had failed to prove that the petitioner's husband resided in the household, or that any undisclosed income was used to purchase the home. The opinion also stated that the petitioner "failed to establish any current need, as provided in Section 352.7 (g) for assistance retroactively prior to the date of the request for the fair hearing." The decision provided that "The determination of the agency to deny Aid to Dependent Children is not and cannot be affirmed", and directed the local agency to take appropriate action in accordance with the decision. Shortly after the decision of respondent Shang, the petitioner's claim for public assistance was reopened by the local agency. The local agency refused, however, to pay petitioner any retroactive benefits. Petitioner than commenced the instant proceeding to compel the local agency to pay retroactive benefits and to compel respondent Shang to insure that she received all retroactive benefits to which she was entitled. We agree with petitioner that the references to retroactive benefits contained in the decision after the fair hearing were mere dicta. Under the applicable regulation "When a fair hearing decision has ordered * * * the correction of a denial of an application for assistance * * * a grant shall be made to cover the full amount to which the applicant * * * was entitled in accordance with the decision for the entire period from the date the incorrect action was taken" (18 NYCRR 358.20; see, also, 45 CFR 205.10 [a] [18]). Therefore, after the favorable decision by respondent Shang, petitioner became entitled to the retroactive benefits as a matter of law. The amount of benefits due is computed from the thirtieth day following the application therefor (18 NYCRR 351.8 [c] [2]). Titone, J. P., Shapiro, Cohalan and Margett, JJ., concur.